DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1914.

---

### Henry O. Forrest, Appellee, v. Roper Furniture Company, Appellant.

### Gen. No. 5,846.   (Not to be reported in full.)

Appeal from the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the October term, 1913.   Affirmed.   Opinion filed April 15, 1914.   Rehearing denied May 21, 1914.   *Certiorari* allowed by Supreme Court.

### Statement of the Case.

Action by Henry O. Forrest against Roper Furniture Company to recover for an injury to his right eye while in the defendant's employ. The injury was alleged to have been caused by defendant's violation of section 1 of the Act of 1910, Hurd's R. S. 1911, p. 1128, J. & A. ¶ 5386, which provides: "That all power driven machinery including all saws * * * shall be so located wherever possible as not to be dangerous to employes or shall be properly inclosed, fenced, or

(504)

otherwise protected.'' Though stipulated to be under the Workmen's Compensation Act of 1912, plaintiff claims the right to maintain this action under the provisions of section 3 of that Act, Hurd's R. S. 1911, p. 1137, J. & A. 5451, which provides: ''That when the injury to the employe was caused by the intentional omission of the employer, to comply with statutory safety regulations, nothing in this act shall affect the civil liability of the employer.''

From a judgment entered on a verdict for plaintiff for two thousand five hundred dollars, defendant appeals.

TRUSDELL, SMITH & LEECH, for appellant.

JOHN E. ERWIN, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 701*—*when evidence shows injury resulted in loss of sight of an eye.* In an action by an employee for the loss of the sight of his eye alleged to have been caused by a splinter thrown from unguarded saw machinery, where the defense was that the loss of sight resulted from an old injury and not from the accident complained of. Evidence *held* sufficient to show an injury at the time and in the manner charged by plaintiff which resulted in the loss of sight of plaintiff's eye perhaps because of a weakened condition produced by the old injury.

2. DAMAGES, § 45*—*effect on recovery where injury resulted in aggravating former disease.* The fact that a personal injury received resulted in aggravating a former disease and would not have been of so much consequence in the absence of that disease, affects only the question of damages.

3. MASTER AND SERVANT, § 770*—*when direction of verdict not warranted.* In an action by an employe for the loss of sight of an eye alleged to have been caused by a splinter thrown from unguarded saw machine, where it appeared that the eye had been formerly injured, *held* that the fact that plaintiff's evidence did

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

not show he could see with that eye immediately before the accident did not warrant a direction of a verdict for defendant, where plaintiff testified he could see with his eye before the accident and offered proof showing that a few months before he did work with the other eye bandaged, since in such case the jury would be warranted in presuming from his testimony that his ability to see with his eye continued up to the time of the accident.

4. MASTER AND SERVANT, § 800*—*when instruction not erroneous as omitting element of employer's knowledge of condition of machine.* In an action by an employee to recover for the loss of an eye resulting from failure of the employer to guard saw machinery as required by section 1 of the Act of 1910, J. & A. ¶ 5386, where the right to maintain the action was based on the proviso to section 3 of the Workmen's Compensation Act of 1912, *held* that an instruction given for plaintiff was not objectionable for the reason that it omitted the element of defendant's knowledge of the condition of the machine, where it contained the phrase "intentionally omitted," since the phrase would imply knowledge of the defect as well as the duty.

5. MASTER AND SERVANT, § 98*—*statute relating to guarding of saw machinery construed.* Splinters thrown from a saw driven by machinery *held* to be a danger which an employer is required to guard against under the provisions of section 1 of the Act of 1910, Hurd's R. S. 1911, p. 1128, J. & A. ¶ 5386.

6. MASTER AND SERVANT, § 620*—*admissibility of evidence.* In an action by an employee for personal injury resulting from the failure of the employer to guard saw machinery as required by section 1 of the Act of 1910, Hurd's R. S. 1911, p. 1128, J. & A. ¶ 5386, testimony offered by plaintiff to show that there were guards in use or on the market that were practicable to prevent the dangers, *held* competent.

7. APPEAL AND ERROR, § 1514*—*when remarks of counsel not reversible error.* In a suit by an employee to recover for injuries, the fact that counsel for plaintiff in cross-examination of witnesses called attention to the fact that the suit was defended by an insurance company, *held* not reversible error where an officer of the defendant previously testified without objection that he notified the insurance company of the accident.

8. MASTER AND SERVANT, § 833*—*when rejection of evidence as to condition of machinery not reversible error.* In an action by an employee for personal injuries caused by the unguarded condition of machinery, rejection of evidence offered by the employer as to the condition of the machine sometime after the accident *held* not reversible error where the condition of the machine at the time of the accident was known to many and could have been readily shown.

---

*See **Illinois Notes Digest, Vols XI to XV**, and **Cumulative Quarterly**, same topic and section number.

The Woodlawn Social Ent. Ass'n v. Anderson, 187 Ill. App. 507.

9. APPEAL AND ERROR, § 1100*—*matters which should be raised in first brief.* The point that damages are excessive to be relied upon should be made in the first brief and not in the reply brief.